IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
CRIMINAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) CR NO.: 1:08cr55-MHT |
| VS. | ) |
| | ) |
| RONNIE LEE WARREN, | ) |
| | ) |
| DEFENDANT. | ) |

**MOTION TO SUPPRESS**

COMES NOW, the Defendant, RONNIE LEE WARREN, by and through his undersigned attorney and moves this Honorable Court to suppress the physical evidence that was allegedly found as a result of a search of his home at 314 South Ripley Street in Samson, Alabama.

**FACTS**

District Judge Charles W. Fleming, Jr. of Geneva County, Alabama issued a search warrant to Investigator Annie Henderson of the Geneva County Sheriff's Department for the search of the defendant's residence located at 314 South Ripley in Samson, Alabama. The search warrant is attached hereto and incorporated herein as Exhibit A. Investigator Annie Henderson affirmed in Exhibit A that she had probable cause to believe that crack cocaine was located at the above address and as grounds for so believing stated, inter alia,

> Within the past 48 hours I, Annie
> Henderson, have used a confidential reliable
> informant to purchase crack cocaine from
> Ronnie "Buckeye" Warren. This purchase
> took place at 314 South Ripley Street
> Samson, Alabama, the residence of Warren.

> This confidential reliable informant has been proven reliable through controlled narcotics buys and information that the confidential informant has given that has been corroborated through other sources.

The individual named in the affidavit signed by the above named officer was Ronnie "Buckeye" Warren.

The affidavit is deficient in that, inter alia, the alleged confidential informant did not state according to the affidavit that he or she had been in the house and had seen drugs or that the buy was at the direction of any law enforcement officer nor that the informant was wired or videotaped or verified in any way. Also, the affidavit fails to give any information as to the reliability of the confidential informant.

## DISCUSSION

The Fourth Amendment of the United States Constitution protects the "rights of the people to be secure in their persons, house, papers and effects against unreasonable searches and seizures." **U.S. Const. Amend IV.** "This right is preserved by the requirement that searches be conducted pursuant to warrant issued by an independent judicial officer upon the showing of probable cause." **Maryland vs. Dyson**, 527 U.S. 465, 466, 119 S.Ct. 2013, 2014, 144 L.Ed.2nd 442 (1999). USV Tamari, 454 Fed.3rd 1259 (11th Cir 2006).

In **Illinois v. Gates,** 462 U.S.213 (1983) the Supreme Court held that for a search and seizure to be constitutional there must be probable cause to search. The warrant must demonstrate that there is a fair probability that contraband would be found in the premises to be searched. In **U.S. v.Lockett,** 674 F.2d 843 (11th Cir 1982), the Eleventh

Circuit Court of Appeals warned that knowledge of a defendant's possession of contraband does not, without more, make reasonable a search of the defendant's residence. There must be facts set forth in the affidavit to establish probable cause that goods are illegally possessed and a substantial basis to conclude that the instrumentalities of crime will be discovered in the search premises. The missing link here in this case, as in *Lockett*, there are no facts set forth in the affidavit to establish the extent to which the officer(s) was able to view the residence in order to ascertain whether a contraband was kept in the residence. There was no allegations that the informant had been in the home within the last seventy-two hours (or any time for that matter) and had seen any contraband.

The two-pronged test in **Aguilar v Texas**, 378 U.S.108 (1964) and **Spinelli v. U.S.**, 393 U.S. 410 requires (1) revealing the informant's basis of knowledge and (2) providing sufficient facts to establish facts to establish either the informant's veracity or the reliability of the informant's report.

One would ask, did the officer give enough information to meet the two pronged-test? Clearly not. The affiant in the affidavit, in this case, merely stated that the confidential informant has proven reliable in the past and information given by the confidential informant has led to the recovery of narcotics and the arrest of drug offenders. There is no other information given about the informant. This brief verification of the veracity of the confidential informant is not enough. There is no reference as to the time when the informant has given information that led to the recovery of narcotics and the arrest of drug offenders. It is therefore not possible to determine how recent the informant has proven reliable. Therefore there is no reliable and clear

statement regarding the reliability of the informant.

The informant only boldly stated that she, Investigator Annie Henderson, used a confidential informant to purchase crack cocaine from Ronnie "Buckeye" Warren at his residence. There is absolutely no further reference to any controlled substance on the premises. There is no detailed information contained in the affidavit demonstrating the reliability of the alleged criminal activity at the residence. There is no time mentioned when the alleged buy went down and no description of the residence by the informant.

Was the alleged buy made at the direction of law enforcement personnel? Was the buy taped by video or audio? Was the buy verified in any way? Was the information given by the informant corroborated in any way? The answer to these questions is clearly no, according to the affidavit. The only corroborating evidence is from some unknown person who says that he or she purchased crack cocaine from Ronnie "Buckeye" Warren at his residence.

There is nothing on the record to establish the informant's reliability or veracity nor is there evidence of any independent police work designed to corporate the informant's allegations prior to seeking the warrant. See **Illinois vs. Gates**, 462 U.S. 213 (1983) and **Aguilar v Texas**, 378 U.S.108 (1964).

The Defendant contends that the affidavit did not provide sufficient information to prove that the information was credible or to prove the basis of his or hers knowledge. Gates, id.

The United States Supreme Court established "the totality of the circumstances attests to evaluate whether information provided by a confidential informant supplied probable cause. In analyzing an informant's tip, the courts not only look at the veracity or

the reliability and the basis of the informant's knowledge but also recognizes the value of the corporation of details of the informant's tip by independent police work." <u>Gates</u>, *id*

In <u>Giordenello vs. U.S.</u>, 357 U.S. 48, the United States Supreme Court held that "An affidavit supporting a search warrant may be based on heresay information and need not reflect the direct personal observation of the affiant. The magistrates must be informed of some underlying circumstances relied on by the person providing the information and some of the underlying circumstances in which the affiant concluded that the informant whose identity was not allowed was credible or his information reliable.

Here in this case, there is absolutely no corroboration and there is no information that any controlled substance was located on the premise of the Defendant. Further, the affiant states within the last forty-eight (48) hours she had used a confidential, reliable informant to purchase crack cocaine from Ronnie "Buckeye" Warren and that the purchase was made at the Defendant's residence in Samson, Alabama. There is absolutely no other information provided concerning controlled substances. It is interesting to note that prior to this case being brought in this Honorable Court, being the United States District Court for the Middle District of Alabama, there was three (3) indictments against the Defendant. One being that on November 13, 2007 the Defendant was charged with Unlawful Selling of a Controlled Substance in violation of § 13A-012-211, *Code of Alabama 1975, as amended.* Another warrant was issued on December 5, 2007 and another indictment was where the Defendant was charged on December 11, 2007 with Trafficking a Controlled Substance. Said charge came pursuant to the above stated search warrant. One would look at these two (2) documents and notice that

December 5, 2007 was the last time the Defendant sold any controlled substance. The Investigator on December 11, 2007 that within the last forty-eight (48) hours a reliable informant has purchased a controlled substance. If this writer's math is correct, December 11, 2007 is some six (6) days or one hundred and forty-four (144) hours since the supposed reliable informant allegedly purchased any controlled substance from the Defendant.

In support of her allegations that the Defendant sold controlled substance to the "reliable informant" the Government produced to the Defendant's attorney an Incident Report stating that on November 11, 2007 Investigator Annie Henderson used a confidential, reliable informant to purchase One Hundred Dollars ($100.00) worth of crack cocaine from Michael Smith, a black male, and Ronnie Warren, a black male. In the Incident Report, there is no indication at all that Ronnie Warren sold any drugs to anyone. The Government also provided the attorney for the Defendant a written statement by the alleged confidential informant that he purchased a controlled substance from Mike Smith from Buckeye's home. On November 13, 2007, to support her indictment a Deposition was provided where the Investigator states she used a reliable confidential informant to purchase One Hundred Dollars ($100.00) worth of crack cocaine from Ronnie Lee Warren also known as "Buckeye".

An Evidence Receipt was provided to support the alleged buy that took place on November 13, 2007. Likewise, there was an Incident Report and a statement made by the confidential informant dated November 13, 2007. There was also an Incident Report on a buy that allegedly occurred on December 5, 2007 along with an Evidence Receipt, a Deposition and a statement by the confidential informant all dates December 5, 2007.

Now, what is interesting, is that for the first time, when the Government provided the attorney for the Defendant with its Discovery, an Incident-Offense Report, which was supposedly made by Annie Henderson, states that there was One Hundred Dollars ($100.00) worth of crack cocaine allegedly purchased. The Incident Report went further to state that on November 11, 2007, Investigator Annie Henderson used a confidential, reliable informant to purchase One Hundred Dollars ($100.00) worth of crack cocaine from Ronnie Lee Warren and this purchase took place at 314 S. Ripley Street, the residence of Ronnie Lee Warren.

There is no Disposition, there is no Evidence Receipt and no statement by the confidential informant as had been in other previous buys. It is the contention of the Defendant that the alleged buy on December 11, 2007 never took place and that is was simple manufactured in order to get within the seventy-two (72) hour rule that in essence requires the confidential informant to have seen the controlled substance in the residence within the last seventy-two (72) hours. There is no statement to that effect. There is no statement that the confidential informant ever saw any controlled substance at the residence of the Defendant and certainly no evidence that the confidential informant saw any controlled substance, other than what he allegedly purchased, some one hundred and forty-four (144) hours earlier.

At most, the alleged reliable informant could have had a suspicion that controlled substance was in the residence other than that which was allegedly purchased by him. Under **Nathanson vs. U.S.**, 290 U.S. 41, a warrant was issued upon the sworn allegations that the affiant has caused to suspect and does believe that certain merchandise was at a specific location. The court held that "The affidavit went upon a mere affirmation of

suspicion and belief without any statement of adequatecy supporting the facts." The court held in Nathanson that " Under the Fourth Amendment an Officer may not properly issue a warrant to search a private dwelling unless he can find probable cause therefore from facts or circumstances presented to him under oath or affirmation. Mere affirmation or belief or suspicion is not enough."

The affidavit does not state that the confidential informant saw any contraband on the premise of the Defendant. The affidavit contains no affirmative allegations that the confidential informant spoke with personal knowledge of the matter contained therein and does not states that he saw any controlled substances or any contraband on the premises other than that which he allegedly purchased and took with him.

## CONCLUSION

Since probable case is completely absent, the information supplied was stale. There is no statement as to the veracity of the "confidential" informant. There is no facts stated in the search warrant that any controlled was on the premises or had been seen on the premises other than what the "confidential informant" allegedly had purchased. The Motion to Suppress the Evidence is due to granted.

WHEREFORE, PREMISE CONSIDERED, the Defendant prays that an evidentiary hearing be held to review the facts and circumstances regarding the search of the Defendant's home, and after such hearing, this Honorable Court grant his motion and suppress the evidence found pursuant to the search of the Defendant's residence at 314 South Ripley Street, Samson, Geneva County, Alabama.

Respectfully submitted on this the 8th day of May, 2008.

/s/ W. Terry Bullard
W. TERRY BULLARD
Attorney for Defendant
P. O. Box 398
Dothan, Alabama 356302
(334) 793-5665
tbullaard@aol.com

**CERTIFICATE OF SERVICE**

    I, W. Terry Bullard, hereby certify that I have served a copy of the foregoing upon the Honorable Susan R. Redmond, U.S. Attorney, by electronically filing the same this the 8th day of May, 2008.

/s/ W. Terry Bullard
OF COUNSEL

# SEARCH WARRANT

[X] STATE of Alabama

[ ] Municipality of

STATE OF ALABAMA
V.

RONNIE WARREN AND
DARCUS DENNARD
Defendants

Warrant Number

Case Number

State of Alabama
District Court
Of Geneva County

2008 MAY -9 A 9 35

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

To Any Law Enforcement Officer Within The State of Alabama:

An affidavit in support of application for a search warrant having been made before me, and the Court's finding that grounds for the issuance exist or that there is probable cause to believe that they exist, pursuant to Rule 3.8, Alabama Rules of Criminal Procedure, you are hereby ordered and authorized to forthwith search:

THE FOLLOWING PERSON OR PLACE:

The residence is located at 314 South Ripley Street Samson, Alabama. Directions to this residence is as follows: From the Samson Police Department travel State Highway 52 West to the intersection of State Highway 52 and South Ripley Street turn left (South) onto Ripley and travel approximately ½ mile to 314 South Ripley Street when traveling south this residence will be located on the right side of Ripley Street. This residence is a wood frame home with outbuilding and several cars located on the property. FOR THE FOLLOWING PROPERTY:

SEE "ATTACHMENT A"

and make return of this warrant and an inventory of all property seized there under before me within ten (10) days [not to exceed ten (10) days] as required by law.

( ) This warrant may only be executed

[ ] in the daytime between the hours of
   six A.M., and
   six P.M.

[X] The Court finds probable cause to believe that a nighttime search is necessary, and this warrant may be executed at any time of the day or night.

Exhibit "A"

ISSUED TO: INV. ANNIE HENDERSON, GENEVA COUNTY SHERIFF'S DEPARTMENT, GENEVA, ALABAMA 36340 at /:/2 o'clock, P.M. this // day of Dec , 2007.

_____
Judge/Magistrate

I certify that I executed the foregoing Search Warrant as directed therein by searching the person or place therein described at 3:30 o'clock P .M., 12-11 , 2007 and:

[ ] Did not find and seize any property located thereon.

or:

[X] Found and seized the following-described property and made return of same to the Court at ___ o'clock ___.M., _____, 2007:

SEE ATTACHED INVENTORY

[X] Copy of warrant and endorsed copy of inventory left in accordance with Rule 3.11(a), Ala. Rules of Criminal Procedure.

Date: 12-11-07

_____
Officer

Receipt
I acknowledge receipt of return of the foregoing Search Warrant and all items, if any, noted on the attached inventory, at the date and time as noted.

Date:_____

_____
Judge/Magistrate

ATTACHMENT "A"

<u>Property to be Seized</u>

1. Books, records, receipts, notes, ledgers, and other papers relating to the transpiration, ordering, purchasing, and distribution of controlled substances, in particular, cocaine;

2. Books, records, receipts, bank statements, and records, money drafts, letters or credit, money orders, and cashier checks, pass books, bank checks, safety deposit box keys, and other items evidencing the obtaining, secreting, transferring, and/or concealing of assets and the obtaining, secreting, transferring, concealing, and/or expending of money

3. Financial proceeds of trafficking in cocaine and other controlled substances, namely United States Currency;

4. United States currency, precious metals, jewelry, and financial instruments, including stocks and bonds in amounts indicative of the proceeds of illegal narcotics trafficking;

5. Photographs, in particular photographs of co-conspirators, video tapes of assets and/or of controlled substances and/or of illegal activities or co-conspirators;

6. Controlled, dangerous substances and related paraphernalia;

7. Receipts for items evidencing the expenditure of the proceeds of drug distribution, including, but not limited to, clothing, furniture, electronic equipment, any real property;

8. Paraphernalia for packaging, cutting weighing, and distributing controlled substances, including, but not limited to, scales, baggies, spoons, walkie-talkies, CBls, night vision devices, parabolic microphones, binoculars, two-way radios (radio code sheets), police scanners, and wire detectors.

9. Indices of occupancy and residency, and/or ownership of the premises described in the affidavit, including but not limited to, utility and telephone bills, canceled envelopes, and safety deposit box keys.

10. Records including but not limited to, diaries, address books, calendars, notebooks with personal notes, phone bills all indicating the whereabouts, activities and /or phone numbers of the subjects and/or co-conspirators.

11. Any firearms and/or weapons.

AFFIDAVIT IN SUPPORT OF APPLICATION
FOR SEARCH WARRANT

IN THE    STRICT COURT OF GENEVA COUNTY, ALABAMA

STATE    ALABAMA    VS.    RONNIE WARREN AND
                           DARCUS DENNARD
                           Defendant

App    tion for a Search Warrant having been made or to be made to the Court, I the unders    d, after being duly sworn to tell the truth and in support of said application, hereby depose and sa    follows:

My    e is Annie Henderson; I am an Investigator with the Geneva County Sheriff's part    . I have been in law enforcement for approximately 5 years. During the course of that me pe    I have assisted in the search of numerous residences, the execution of arrest warrants, ocess    of crime scenes, the investigations of crimes, felonies and misdemeanors, the debriefing of susp    defendants and numerous other activities associated with the day to day duties of a law enforce    it officer.

I kr    as a law enforcement officer from training and experience that suspects will often hide eviden    of there crimes in residences, vehicles close to crime scenes and outbuildings. I also know that ev    nce of crimes is within the confines of the residence and curtledge of the residence. I also know t    illegal narcotics are easily concealed in vehicles, outbuildings and small compartment areas in    sidences. I also know from experience and training that drugs dealers keep large amounts of cash    n hand as part of their business enterprise. I also know that due to the nature of the crime and the    arge amount of cash on hand that these distributors will often arm themselves with han    u  s, shotguns and other weapons. I also know from my experience and training that these pe        vill keep ledgers detailing transactions and amounts of purchases. These persons will also sor     es receive stolen merchandise in exchange for illegal narcotics and that property will be hide    on the premises.

Within the past 48 hours I, Inv. Annie Henderson, have used a confidential reliable informant to purchase crack cocaine from Ronnie "Buckeye" Warren. This purchase took place at 314 South Ripley Street Samson, Alabama, the residence of Warren. This confidential reliable informant has been proven reliable through controlled narcotics buys and information that the confidential informant has given that has been corroborated through other sources.

Based on the above information I request a search warrant for the property located at 314 South Ripley Street Samson, Alabama.

_____
Affiant

Sworn to and subscribed before me on this the
__11__ day of __Dec__, 2007

1:2 PM *[initials]*

_____
Judge/Magistrate