**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Case No.:    1:08-CR-55-WHA** |
| | ) | |
| **RONNIE WARREN** | ) | |

**RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files its response to Defendant's Motion to Suppress, filed on or about May 8, 2008, as follows:

1.      Defendant moves to suppress evidence obtained as the products of a search and seizure, based on an invalid search warrant, in violation of the Fourth Amendment of the United States Constitution.

2.      The gist of Defendant's argument is that the law enforcement officer who was the affiant for the search warrant gave the issuing court only a conclusory statement that the confidential informant (CI) who provided the information was reliable. Further, the defendant argues, the CI did not state that (s)he had been in the house, had seen drugs, that the purchase of drugs had been at the direction of a law enforcement officer, nor that the buy had been recorded in any way.

**DISCUSSION**

3.      The task of the magistrate issuing a warrant is simply to make a practical, common sense decision of whether, given all the circumstances set forth in the affidavit before him, including the veracity and knowledge of persons supplying hearsay information, there exists a fair probability that contraband or evidence of a crime will be

found in a particular place. Illinois v. Gates, 462 U.S. 213 (1983); United States v. Brundidge, 170 F.3d 1350 (11th Cir. 1999); United States v. Foree, 43 F.3d 1572 (11th Cir. 1995).

4.     A court reviewing the issuance of a search warrant by a magistrate or state court judge is to decide whether the evidence viewed as a whole provided a "substantial basis" for the finding of probable cause at the time the warrant was issued,  Massachusetts v. Upton, 466 U.S. 727, 732-33 (1984) (per curiam); Illinois v. Gates, 462 U.S. 213, 236 (1983). The reviewing court must decide whether there was a "substantial basis" solely upon consideration of the information presented to the issuing judicial officer. United States v. Lockett, 674 F.2d 843 (11th Cir. 1982). In conducting such a review, the court must give deference to the decision of the issuing judge even in marginal or doubtful cases. Id. at 845.

5.     The defendant makes no claim that the affiant lied to or withheld information from the issuing court. Instead, the only claims the defendant makes are that the affiant failed to provide the issuing court information, relating to the CI, that would allow the issuing court to make a finding that the CI was reliable, that information from the CI was deficient as to corroborating information re: the buy, and her/his part in said buy.

6.     The affiant provided the issuing court with "some facts that allow them to claim that the source is a "reliable" one". Quoting from Aguilar v. Texas, 378 U.S. 108, 109, 111-13 (1964); Illinois v. Gates, 462 U.S. 213, 238 (1983). There is no absolute requirement that an informant's information be corroborated by independent police investigation. It is sufficient that the search warrant application sets forth the basis of the informant's knowledge and a recitation of the informant's reliability. United States v. Foree,

43 F.3d 1572, 1575-76 (11th Cir. 1995) (indicating preference for indication in affidavit as to whether the source's past performance, i.e. whether information has resulted in search, arrests, or conviction).

7.      In the present case, the affiant averred that the confidential informant was reliable and had proven reliable in the past. While this may not be considered a "recitation of the informant's reliability" pursuant to Foree, it does provide a basis for a finding of probable cause.

8.      This Court should, however, note that the affiant clearly stated that she (Investigator Annie Henderson) had directed the CI in a controlled purchase of illegal narcotics from the defendant in the defendant's residence located at 314 South Ripley Street, Samson, Alabama, the same place to be searched pursuant to the search warrant. Therefore, the reliability of the informant is not necessarily the issue for the issuing court. Instead, the test is whether the issuing court found the affiant to be credible, as she is relating information known personally by her, not simply passed to her by the CI.

9.      The issuing court had a "substantial basis" for concluding that a search would uncover evidence of wrongdoing. The affiant had provided specific information that she had directed the CI in a buy from the defendant at the place to be searched, thereby verifying the information supplied to the issuing judge. The affiant had further indicated her desire to search for evidence, including United States currency, financial proceeds of drug trafficking, indices of occupancy, and documentation kept by drug traffickers in the normal course of business which was/is evidence of the drug trafficking activity she had witnessed through her direction of the CI. Simply put, it was not necessary for the CI to be "wired", nor to provide information that (s)he had seen drugs at 314 South Ripley Street Samson,

Alabama. The issuing court found the affiant to be credible and, based on the affiant's statement that she had directed a purchase of narcotics from the defendant at the place to be searched, found probable cause to believe that evidence of criminal activity would be found at the residence, whether that evidence be documentation, assorted currency, indices of the occupancy of the residence by the defendant, or other documentation tending to establish, or establishing, that criminal activity was afoot at 314 Ripley Street, Samson, Alabama.

   10.     Based on the foregoing, the United States respectfully requests this Court deny Defendant's Motion to Suppress.

   11.     Further, as the facts are not in contention, the government does not believe that an evidentiary hearing is necessitated in this matter and would request that the Court decide the issue(s) based on the submitted writings of the parties.[1]

   Respectfully submitted, this the 12th day of May, 2008.

                              LEURA G. CANARY
                              UNITED STATES ATTORNEY

                              /s/ Susan R. Redmond
                              SUSAN R. REDMOND
                              Assistant United States Attorney
                              131 Clayton Street
                              Montgomery, Alabama 36104
                              334.223-7280
                              334.223.7135   fax
                              susan.redmond@usdoj.gov

---

   [1]The government has attached the Application for Search Warrant, Attachment "A" of the Application, Affidavit in Support of Search Warrant, and Search Warrant with Attachment "A" to its response as Exhibit 1.

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.:     1:08-CR-55-WHA** |
| | ) | |
| **RONNIE WARREN** | ) | |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 12, 2008, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to

the following: W. Terry Bullard.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
334.223-7280
334.223.7138   fax
susan.redmond@usdoj.gov

## APPLICATION FOR SEARCH WARRANT

## IN THE DISTRICT COURT OF GENEVA COUNTY, ALABAMA

(x) STATE OF ALABAMA               VS.   RONNIE WARREN AND
                                         DARCUS DENNARD

**Defendant**

   I, the undersigned, hereby make application for the issuance of a Search Warrant as I have probable cause to believe and do believe that the following personal property, to-wit:
                    See Attachment "A"
is located or concealed in or upon a residence located at 314 South Ripley Street Samson, Al and that the property (Check appropriate ground(s):


( x) was or is expected to be, unlawfully obtained;
( x) was, or is expected to be. used as the means of committing or attempting to commit an offense contrary to the laws of the State of Alabama or political subdivision, thereof, to-wit:
13A-12-212 - Unlawful Possession/Receipt of a Controlled Substance and/or
( x )is, or is expected to be. in the possession of another with intent to use it as a means of committing a criminal offense. or is expected to be. in the possession of another to whom it was delivered for the purpose of concealing it or preventing its discovery;
( x ) constitutes, or is expected to constitute, evidence of a criminal offense under the laws of the State of Alabama or a political subdivision thereof, to-wit: Violation of Title 13A-12-212 and/or.


   Applicant states that his/her request is based upon the facts stated in the affidavit(s) attached hereto.

_12·11·07_                              _Curie Henderson_
Date                                    Applicant



**GOVERNMENT EXHIBIT**

CASE NO. 1:08CR55WHA

EXHIBIT NO. 1

ATTACHMENT "A"

Property to be Seized

      1. Books, records, receipts, notes, ledgers, and other papers relating to the transpiration, ordering, purchasing, and distribution of controlled substances, in particular, methamphetamine;

      2. Books, records, receipts, bank statements, and records, money drafts, letters or credit, money orders, and cashier's checks, pass books, bank checks, safety deposit box keys, and other items evidencing the obtaining, secreting, transferring, and/or concealing of assets and the obtaining, secreting, transferring, concealing, and/or expending of money;

      3. Financial proceeds of trafficking in methamphetamine and other controlled substances, namely United States Currency;

      4. United States currency, precious metals, jewelry, and financial instruments, including stocks and bonds in amounts indicative of the proceeds of illegal narcotics trafficking;

      5. Photographs, in particular photographs of co-conspirators, video tapes of assets and/or of controlled substances and/or of illegal activities or co-conspirators;

6. Controlled, dangerous substances and related paraphernalia;

      7. Receipts for items evidencing the expenditure of the proceeds of drug distribution, including, but not limited to, clothing, furniture, electronic equipment, any real property;

      8. Paraphernalia for packaging, cutting, weighing and distributing controlled substances, including, but not limited to, scales, baggies, spoons, walkie-talkies, CB's, night vision devices, parabolic microphones, binoculars, 2-way radios (radio code sheets), police scanners and wire detectors.

      9. Indices of occupancy and residency, and/or ownership of the premises described in the affidavit, including but not limited to, utility and telephone bills, canceled envelopes, and safety deposit box keys.

      10. Chemicals used in the production of methamphetamine and assorted paraphernalia used in the production of methamphetamine including, but not limited to, red phosphorus in any form, book matches, iodine crystals and/or iodine tincture. acetone, red devil lye, lighter fluid, Drano, muriatic acid, ephedrine, pseudoephedrine, distilled water, coffee filters, coffee pots, microwave ovens, Coleman stoves, electric stoves, propane tanks (large and small), charcoal lighter, tubes, plastic water bottles, and plastic sports bottles.

      11. Records including but not limited to, diaries, address books, calendars, notebooks with personal notes, phone bills all indicating the whereabouts, activities and *lor* phone numbers of the subjects and/or co-conspirators.

12. Any firearms and/or weapons.

## AFFIDAVIT IN SUPPORT OF APPLICATION
## FOR SEARCH WARRANT

### IN THE DISTRICT COURT OF GENEVA COUNTY, ALABAMA

STATE OF ALABAMA          VS.          RONNIE WARREN AND
                                       DARCUS DENNARD
                                       Defendant


Application for a Search Warrant having been made or to be made to the Court, I the undersigned, after being duly sworn to tell the truth and in support of said application, hereby depose and say as follows:

My name is Annie Henderson; I am an Investigator with the Geneva County Sheriff's Department. I have been in law enforcement for approximately 5 years. During the course of that time period I have assisted in the search of numerous residences, the execution of arrest warrants, processing of crime scenes, the investigations of crimes, felonies and misdemeanors, the debriefing of suspect/defendants and numerous other activities associated with the day to day duties of a law enforcement officer.

I know as a law enforcement officer from training and experience that suspects will often hide evidence of there crimes in residences, vehicles close to crime scenes and outbuildings. I also know that evidence of crimes is within the confines of the residence and curtledge of the residence. I also know that illegal narcotics are easily concealed in vehicles, outbuildings and small compartment areas in residences. I also know from experience and training that drugs dealers keep large amounts of cash on hand as part of their business enterprise. I also know that due to the nature of the crime and the large amount of cash on hand that these distributors will often arm themselves with handguns, shotguns and other weapons. I also know from my experience and training that these persons will keep ledgers detailing transactions and amounts of purchases. These persons will also sometimes receive stolen merchandise in exchange for illegal narcotics and that property will be hidden on the premises.

Within the past 48 hours I, Inv. Annie Henderson, have used a confidential reliable informant to purchase crack cocaine from Ronnie "Buckeye" Warren. This purchase took place at 314 South Ripley Street Samson, Alabama, the residence of Warren. This confidential reliable informant has been proven reliable through controlled narcotics buys and information that the confidential informant has given that has been corroborated through other sources.

Based on the above information I request a search warrant for the property located at 314 South Ripley Street Samson, Alabama.


*Annie Henderson*
Affiant

Sworn to and subscribed before me on this the
___11___ day of ___Dec___, 2007

1:12 PM

_____
Judge/Magistrate

# SEARCH WARRANT

[X] STATE of Alabama

[ ] Municipality of

### STATE OF ALABAMA
### V.

### RONNIE WARREN AND
### DARCUS DENNARD
#### Defendants

Warrant Number

Case Number

State of Alabama
District Court
Of Geneva County

To Any Law Enforcement Officer Within The State of Alabama:

Affidavit in support of application for a search warrant having been made before me, and the Court's finding that grounds for the issuance exist or that there is probable cause to believe that they exist, pursuant to Rule 3.8, Alabama Rules of Criminal Procedure, you are hereby ordered and authorized to forthwith search:

THE FOLLOWING PERSON OR PLACE:

The residence is located at 314 South Ripley Street Samson, Alabama. Directions to this residence is as follows:  From the Samson Police Department travel State Highway 52 West to the intersection of State Highway 52 and South Ripley Street turn left (South) onto Ripley and travel approximately ½ mile to 314 South Ripley Street when traveling south this residence will be located on the right side of Ripley Street. This residence is a wood frame home with outbuilding and several cars located on the property. FOR THE FOLLOWING PROPERTY:

SEE "ATTACHMENT A"

and make return of this warrant and an inventory of all property seized there under before me within ten (10) days [not to exceed ten (10) days] as required by law.

( ) This warrant may only be executed

[ ] in the daytime between the hours of
    six A.M., and
    six P.M.

I X I The Court finds probable cause to believe that a nighttime search is necessary, and this warrant may be executed at any time of the day or night.

ISSUED TO: INV. ANNIE HENDERSON, GENEVA COUNTY SHERIFF'S DEPARTMENT, GENEVA, ALABAMA 36340 at _12_ o'clock, _P_.M. this _11_ day of _Dec_____, 2007.

_____
Judge/Magistrate

I certify that I executed the foregoing Search Warrant as directed therein by searching the person or place therein described at _3:30_ o'clock? .M., _12-11_____, 2007 and:

[ ] Did not find and seize any property located thereon.

or:

[X] Found and seized the following-described property and made return of same to the Court at _10:35_ o'clock _A_.M., _12-12_____, 2007:

SEE ATTACHED INVENTORY

[X] Copy of warrant and endorsed copy of inventory left in accordance with Rule 3.11(a), Ala. Rules of Criminal Procedure.

Date: _12-11-07_____

_____
Officer

Receipt

I acknowledge receipt of return of the foregoing Search Warrant and all items, if any, noted on the attached inventory, at the date and time as noted.

Date: _12/12/08_____
_10:39 AM_

_____
Judge/Magistrate

## ATTACHMENT "A"

**Property to be Seized**

1. Books, records, receipts, notes, ledgers, and other papers relating to the transpiration, ordering, purchasing, and distribution of controlled substances, in particular, cocaine;

2. Books, records, receipts, bank statements, and records, money drafts, letters or credit, money orders, and cashier's checks, pass books, bank checks, safety deposit box keys, and other items evidencing the obtaining, secreting, transferring, and/or concealing of assets and the obtaining, secreting, transferring, concealing, and/or expending of money;

3. Financial proceeds of trafficking in cocaine and other controlled substances, namely United States Currency;

4. United States currency, precious metals, jewelry, and financial instruments, including stocks and bonds in amounts indicative of the proceeds of illegal narcotics trafficking;

5. Photographs, in particular photographs of co-conspirators, video tapes of assets and/or of controlled substances and/or of illegal activities or co-conspirators;

6. Controlled, dangerous substances and related paraphernalia;

7. Receipts for items evidencing the expenditure of the proceeds of drug distribution, including, but not limited to, clothing, furniture, electronic equipment, any real property;

8. Paraphernalia for packaging, cutting weighing, and distn"buting controlled substances, including, but not limited to, scales, baggies, spoons, walkie-talkies, CBIs, night vision devices, parabolic microphones, binoculars, two-way radios (radio code sheets), police scanners, and wire detectors.

9. Indices of occupancy and residency, and/or ownership of the premises described in the affidavit, including but not limited to, utility and telephone bills, canceled envelopes, and safety deposit box keys.

10. Records including but not limited to, diaries, address books, calendars, notebooks with personal notes, phone bills all indicating the whereabouts, activities and /or phone numbers of the subjects and/or co-conspirators.

11. Any firearms and/or weapons.