**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.:    1:08-CR-55-WHA** |
| | ) | |
| **RONNIE WARREN** | ) | |

**RESPONSE TO DEFENDANT'S MOTION TO REVEAL IDENTITY**

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files its response to Defendant's Motion to Reveal Identity, filed on or about May 13, 2008, as follows:

1.    On May 8, 2008, the Defendant moved to suppress evidence obtained as the products of a search and seizure, based on an invalid search warrant.  The  Defendant argued  that the law enforcement officer who was the affiant for the search warrant gave the issuing court only a conclusory statement that the confidential informant (CI) who provided the information was reliable, and that the CI did not state that (s)he had been in the house, had seen drugs, that the purchase of drugs had been at the direction of a law enforcement officer, nor that the buy had been recorded in any way, in violation of the Fourth Amendment of the United States Constitution.

2.    The Defendant now files a motion to compel the government to reveal the name and address of the confidential informant as the Defendant claims that the CI's testimony is needed at the evidentiary hearing now set for May 15, 2008, because the search warrant was issued based on three buys made by the CI.

**DISCUSSION**

3.    In *Rovario v. United States*, 353 U.S. 53 (1957), the Supreme Court

recognized that the government is not generally required to disclose the identity of informants but must disclose the communications of the informant that do not tend to reveal the identity of the informant. *Id* at 60. The privilege is the government's, though it is qualified, with courts having to balance the public interest in protecting the source of information with the defendant's right to prepare a defense. *Id* at 62. In applying the *Rovario* balancing test, a court must consider: (1) the extent of the informant's participation in the criminal activity, (2) the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant, and (3) the government's interest in nondisclosure. *United States v. Gutierrez*, 931 F.2d 1482 (11th Cir. 1991). The court may withhold the identity of the informant if disclosure would expose the informant and his family to danger. *United States v. Thomas*, 348 F.3d 78, 85 (5th Cir. 2003).

Because *Rovario's* balancing requirements are of an evidentiary rather that a constitutional nature, the application need not be implemented in preliminary proceedings where "guilt or innocence is not at stake." *McCray v. Illinois*, 386 U.S. 300, 311 (1967).

4.      In the present case, the Defendant is attempting to compel the government into providing the name and address of a CI for a suppression hearing, a preliminary matter, in which the defendant's guilt or innocence are not at issue. Pursuant to *Rovario* and *McCray*, the Defendant is not entitled to that information at this time.

5.      Further, in the present case the affiant seeks the search warrant on the basis of her knowledge, not reliance upon what a CI may have seen or heard and it is the statement and credibility of the affiant upon which the issuing court relied when making a determination as to probable cause. In other words, the CI made no statement and

provided no information that the affiant or the issuing court used to determine probable

cause. The only reference to a CI is the affiant's statement that she (the affiant) used a CI

within the last 48 hours to purchase crack cocaine from the defendant at 314 South Ripley

Street, Samson, Alabama. The CI made no statement and gave no information so any

testimony by the CI will have nothing to do with the challenge to the search warrant. The

challenge to the search warrant can only be to the face of the documents and, perhaps,

to the credibility of the affiant as determined by the issuing judge. However, because the

Defendant makes no claim that the affiant lied to or withheld information from the issuing

court, that issue is not properly before the Court and should not be considered.

6.      Finally, the government has a decided interest in not disclosing the identity

of the CI at this time, as it has credible information that the release of the CI's identifying

information will put the CI and his/her family at risk. The government is prepared to expand

on this information *ex parte* and *in camera*.

7.      Based on the foregoing, the United States respectfully requests this Court

deny Defendant's Motion to Reveal Identity.

Respectfully submitted, this the 13th day of May, 2008.

> LEURA G. CANARY
> UNITED STATES ATTORNEY
>
> /s/ Susan R. Redmond
> SUSAN R. REDMOND
> Assistant United States Attorney
> 131 Clayton Street
> Montgomery, Alabama 36104
> 334.223-7280
> 334.223.7135   fax
> susan.redmond@usdoj.gov

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.:    1:08-CR-55-WHA** |
| | ) | |
| **RONNIE WARREN** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2008, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to

the following: W. Terry Bullard.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
334.223-7280
334.223.7138   fax
susan.redmond@usdoj.gov

4