IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
CRIMINAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CR NO.:  1:08cr55-WHA |
| VS. | ) | |
| | ) | |
| RONNIE LEE WARREN, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**OBJECTION TO RECOMMENDATION OF THE MAGISTRATE JUDGE**

**DENYING THE DEFENDANT'S MOTION TO SUPPRESS**

COMES NOW, the Defendant, RONNIE LEE WARREN, by and through his undersigned attorney and objects to the Recommendation of the Magistrate Judge Denying his Motion to Suppress in the Order dated July 2, 2008 and as grounds therefore the Defendant states the following:

1.    That the timeliness of the issuing of the warrant was stale, in that, contrary to the testimony of Investigator Annie Henderson, no buy was consummated on December 11, 2007 but rather if a buy at all took place it occurred, according to the documentation provided on December 5, 2007, six (6) days prior to the issuing of the search warrant.

2.    That the confidential informant never entered the residence of the Defendant and could not possibly have observed any controlled substances in the residence of the Defendant.

**FACTS**

Investigator Annie Henderson with the Geneva County Sheriff's Department,

being the only Investigator for the Geneva County Sheriff's Department, obtained a search warrant, attached hereto and incorporated herein as Exhibit "A", which was issued by Judge Charles W. Fleming, Jr., District Judge for Geneva County, Alabama. Said warrant was issued on December 11, 2007 at 1:12 p.m. The Affidavit supporting the search warrant states:

> Within the past 48 hours I, Annie Henderson, have used a confidential reliable informant to purchase crack cocaine from Ronnie "Buckeye" Warren. This purchase took place at 314 South Ripley Street Samson, Alabama, the residence of Warren. This confidential reliable informant has been proven reliable through controlled narcotics buys and information that the confidential informant has given that has been corroborated through other sources.

The Defendant files his Motion to Suppress the evidence which the Honorable Judge Terry F. Moorer recommended to this Honorable Court that the Motion be denied.

## ISSUES

1.    Did the Magistrate Judge err in recommending denying the Defendant's Motion to Suppress Evidence found during the execution of the Search Warrant on the grounds that the information forming the basis of the probable cause determination was stale?

2.    Did probable cause exist due to the fact that the alleged informant was never in the home of the Defendant and saw no drugs in the home of the Defendant?

## <u>DISCUSSION</u>

The undersigned attorney, W. Terry Bullard, contends that, in all probability due to his poor court pleadings on behalf of the Defendant and due to his poor arguing on the Defendant's behalf, the Honorable Judge Moorer did not address the main arguments of his Motion to Suppress in his Recommendation to this Honorable Court.

The first contention of the Defendant is that no buy occurred and especially that no buy occurred on December 11, 2007. Looking at the information supplied to the Defendant, pursuant to the Discovery Order, there is documentation (which the Defendant attached hereto and incorporates herein as Exhibit "B"), allegedly supporting the buy that took place on November 13, 2007. The documentation consists of 1) an Alabama Uniform Incident/Offense Report; 2) a Deposition; 3) an Evidence Receipt; 4) a Timeline; and 5) a statement made by the confidential informant.

The Defendant's Exhibit "C", wherein the Government is supporting the alleged buy on December 5, 2007, (which is attached hereto and incorporated herein as Exhibit "C"), consists of 1) an Alabama Uniform Incident/Offense Report (2 pages); 2) the Evidence Receipt; 3) a Deposition; 4) a Timeline and 5) a statement made by the confidential informant.

The Defendant attaches hereto and incorporates herein as Exhibit "D", documentation alleged to support the buy that took place on December 11, 2007. This documentation consists of; 1) an Alabama Uniform/Incident Offense Report and 2) a Timeline. There is no Deposition, there is no Evidence Receipt and there is no statement made by the confidential informant as in the documentation supposedly supporting the buy that took place on November 13, 2007 and December 5, 2007.

It is interesting to note, the indictment in the Circuit Court of Geneva County, Alabama for Case Number: CC-2008-0007 indicating there was a buy allegedly made on November 13, 2007, Case Number: CC-2008-0008 indicating there was a buy that allegedly occurred on December 5, 2007, Case Number: CC-2008-0009 charging the Defendant with trafficking cocaine and an indictment for Case Number: CC-2008-0010 charging the Defendant with trafficking marijuana (conspicuously missing an indictment indicating the alleged sale that took place on December 11, 2007).

It is further interesting to note that the indictment by the United States Government likewise did not have a Count for an alleged sale that took place on December 11, 2007. It was only on May 9, 2008, on a superceding indictment and Count IV of said indictment, was the Defendant charged with the alleged sale on December 11, 2007.

In testimony at the Suppression Hearing, Investigator Annie Henderson testified that all documents pertaining to the above said sales had been supplied to the undersigned attorney and that no other documents exist. Therefore, it is the defense's contention that no buy took place and especially not on December 11, 2007. One would ask, why is this important? It is important because the Affidavit in Exhibit "A" supporting the request for a Search Warrant would be stale and contain false information.

## ARGUMENT

The Fourth Amendment of the United States Constitution provides that "No warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." **U.S. Const. Amend IV.**

"To satisfy the probable cause standard, the government must reveal facts that make it likely that the items are being sought are in that place when the warrant issues. For probable cause to exist, however, information supporting of the government's application for a search warrant must be timely and probable cause must exist when the Magistrate Judge issues the search warrant. The warrant application is based upon stale information and failed to create a probable cause that is similar or other improper conduct is continuing". U.S. vs. Johnson, 07-10283 (11th Cir.737-3-2008).

In U.S. vs. Bergaldi, 226 F. 3d 1256 (11th Cir.2000), the Eleventh Circuit held, inter alia, that "has developed a staleness doctrine in the context of probable cause which requires that the information supporting the application for a warrant must show that probable cause exists at the time the warrant issues." See U.S. vs. Harris, 20 F. 3d 455, 450 (11th Cir.1994). The Eleventh Circuit further held that "For probable cause to exist the information supporting of the government's application for a search warrant must be timely. Probable cause must exist when the Magistrate Judge issues a search warrant." See U.S. vs. Domme, 753 F. 2d 950, 953 (11th Cir. 1985).

It becomes readily apparent that the alleged buy on December 11, 2007 took place to prohibit the Defendant from arguing that the warrant was stale. It is the contention of the Defendant that the affiant gave false information to the District Judge of Geneva County, Alabama. Investigator Annie Henderson stated that within the last forty-eight (48) hours a purchase was made.

To substantiate the Defendant's contention, the Defendant recalls this Honorable Court's attention to the testimony of the Investigator at the Suppression Hearing when she stated that she always puts forty-eight (48) hours on her search warrant and was

always instructed to use the term forty-eight (48) hours. When it became apparent to the affiant that the Defendant was going to argue that the Affidavit in support of the search warrant was in fact stale, then all of a sudden there was an alleged buy on December 11, 2007. One would question, where are the supporting documents of the alleged December 11, 2007 buy that are contained in the alleged buys on November 13, 2007 and December 5, 2007? Why was the Defendant not indicted in the Circuit Court of Geneva County, Alabama for the alleged December 11, 2007 buy? Why did the U.S. Government fail to indict the Defendant initially for the alleged buy that took place on December 11, 2007? It is apparent that no buy took place and that the buy on December 11, 2007 was merely an effort by the Investigator to circumnavigate the requirements that the search warrant not be stale.

The Defendant is aware that there is no set time limit on staleness. However, in this case, the supposed informant saw no controlled substances in the Defendant's home. One has to look at the exhibits attached along with the lack of the Defendant being indicted on December 11, 2007 by first the State Court and then by the Federal Court until the Amended Indictment was filed by the Government. It becomes apparent that it was almost a week from the time the alleged purchase took place and the warrant was issued.

Turning to <u>Franks vs. Delaware</u>, 438 U.S. 154, 98 Sup.Ct. 2674, it is indeed the contention of the Defendant that false information was given to the District Judge of Geneva County, Alabama in that no buy had been consummated within the last forty-eight (48) hours. It was over six (6) days that the alleged buy took place. One only has to but look at the supporting documentation to determine that no buy took place on

December 11, 2007. There is missing documentation and it simply does not exist because no buy took place.

The Defendant attempted to get into evidence at the trial and the facts of the missing documents. It is the recollection of the Defendant that objections were made by the Government attempting to, and did in fact, prohibit the Defendant from submitting evidence of the missing documents for the alleged December 11, 2007 buy. Franks, 438 U.S. 154, 98 Sup.Ct. 2674, 57 Law. Ed. 2nd 667 (1978), the Supreme Court held that "An evidentiary hearing challenging attack must be more than conclusionary and must be supported by more than a mere desire to cross examine. The allegations of delivered falsehood or reckless disregard for the truth, and that these allegations must be accompanied by an offer of proof", inter alia.

The Defendant has raises a serious question, through the attached exhibits, as to whether or not a buy took place on December 11, 2007 since there are missing documents and no indictment until the Government filed its Amended Indictment. In addressing the probable cause, the facts are undisputed that the Government contends that a buy was made on November 13, 2007 and December 5, 2007. However, it is disputed that a buy was made on December 11, 2007.

Looking at the totality of the circumstances, in Illinois v. Gates, 462 U.S.213 (1983), the Defendant would request the court to consider that 1) the informant was never in the home of the Defendant; 2) the informant never saw any drugs in the home of the Defendant; 3) the alleged informant did not video or followed when the alleged buys took place; 4) the Defendant has been provided with an audio tape made by the informant which is inaudible. At most, what we have is an informant, supposedly followed by

Investigator Annie Henderson for some distance, stating that he went to the home of the Defendant and that he purchased cocaine from the Defendant. It also should be noted that for the first time at the Suppression Hearing, Investigator Henderson informed the court that this informant was paid for his services and supposedly buying the controlled substance from the Defendant.

When questioned by the Defendant, Investigator Henderson stated that the confidential informant had not been in the residence of the Defendant and that she only "assumed" that there was drugs in the residence. Assumption flies in the face of Nathanson vs. U.S., 290 U.S. 41 (1933), where the Supreme Court held,    " Under the Fourth Amendment an Officer may not properly issue a warrant to search a private dwelling unless he can find probable cause therefore from facts or circumstances presented to him under oath or affirmation. Mere affirmation or belief or suspicion is not enough." (emphasis added).

The cases are many, and in fact numerous, in that, like Nathanson, information must be presented to the Magistrate or Judge to allow the Magistrate or Judge to determine probable cause. In this case, the Investigator clearly stated that she merely suspected that there were drugs in the house of the Defendant. No one had seen any drugs in the house of the Defendant. The search warrant as issued, by the District Judge of Geneva County, stated that the house was to be searched. No one had been in the house, no one had seen anything, the Investigator said it correctly, " she suspected that the drugs were there."

The Honorable Judge Moorer cited the Leon case or the Good Faith Exception case. In the Leon case (U.S. vs. Leon, 468 U.S. 897 (1984)), the Supreme Court stated,

like <u>Nathanson</u>, *id*, that "A Magistrate cannot issue a warrant based merely on ratification of the suspicion of others." Cited as an authority in the <u>Leon</u> case. (emphasis added).

Addressing the Good Faith Exception in <u>Leon</u> (U.S. vs. Leon, 468 U.S. 897 (1984) ), there are four (4) situations where the Good Faith Exception does not apply. The very first one is where the Magistrate or Judge in issuing a warrant was misled by information in an Affidvit wherein the affiant knew was false or would have known was false except for the reckless disregard to the truth.

Here in this case, the Defendant contends and believes that he has proven that there was no alleged buy on December 11, 2007. Therefore, no alleged buy could have occurred within forty-eight hours (48) as alleged in the Affidavit of Investigator Henderson. The third element in <u>Leon</u> , *id*, stated, "The affidavit in support of the warrant is so likely indicia of probable cause as to render official belief in its existence entirely unreasonable.

In this case, no where is it stated that anyone had been in the house of the Defendant (the premises to be searched via the search warrant), no one saw any drugs in the house of the Defendant and according to the investigating Officer, under oath on the witness stand, she stated that she merely believed or suspected that there was drugs in the house.

WHEREFORE, PREMISE CONSIDERED, the Defendant prays this Honorable Court to grant his Motion to Suppress the Evidence.

Respectfully submitted on this the 16th day of July, 2008.

/s/ W. Terry Bullard
W. TERRY BULLARD
Attorney for Defendant
P. O. Box 398
Dothan, Alabama 356302
(334) 793-5665
tbullaard@aol.com

## CERTIFICATE OF SERVICE

I, W. Terry Bullard, hereby certify that I have served a copy of the foregoing upon the Honorable Susan R. Redmond, U.S. Attorney, by electronically filing the same this the 16th day of July, 2008.

/s/ W. Terry Bullard
OF COUNSEL

## AFFIDAVIT IN SUPPORT OF APPLICATION
## FOR SEARCH WARRANT

IN THE DISTRICT COURT OF GENEVA COUNTY, ALABAMA

STATE OF ALABAMA          VS.          RONNIE WARREN AND
                                       DARCUS DENNARD
                                       Defendant

Application for a Search Warrant having been made or to be made to the Court, I the undersigned, after being duly sworn to tell the truth and in support of said application, hereby depose and say as follows:

My name is Annie Henderson; I am an Investigator with the Geneva County Sheriff's Department. I have been in law enforcement for approximately 5 years. During the course of that time period I have assisted in the search of numerous residences, the execution of arrest warrants, processing of crime scenes, the investigations of crimes, felonies and misdemeanors, the debriefing of suspect/defendants and numerous other activities associated with the day to day duties of a law enforcement officer.

I know as a law enforcement officer from training and experience that suspects will often hide evidence of there crimes in residences, vehicles close to crime scenes and outbuildings. I also know that evidence of crimes is within the confines of the residence and curtledge of the residence. I also know that illegal narcotics are easily concealed in vehicles, outbuildings and small compartment areas in residences. I also know from experience and training that drugs dealers keep large amounts of cash on hand as part of their business enterprise. I also know that due to the nature of the crime and the large amount of cash on hand that these distributors will often arm themselves with handguns, shotguns and other weapons. I also know from my experience and training that these persons will keep ledgers detailing transactions and amounts of purchases. These persons will also sometimes receive stolen merchandise in exchange for illegal narcotics and that property will be hidden on the premises.

Within the past 48 hours I, Inv. Annie Henderson, have used a confidential reliable informant to purchase crack cocaine from Ronnie "Buckeye" Warren. This purchase took place at 314 South Ripley Street Samson, Alabama, the residence of Warren. This confidential reliable informant has been proven reliable through controlled narcotics buys and information that the confidential informant has given that has been corroborated through other sources.

Based on the above information I request a search warrant for the property located at 314 South Ripley Street Samson, Alabama.

_Annie Henderson_
Affiant

Exhibit "A"

Sworn to and subscribed before me on this the
___11___ day of ____Dec____, 2007

1:12 PM _hw_


_[signature]_
Judge/Magistrate

# SEARCH WARRANT

[X I **STATE** of Alabama                                          Warrant Number

[ ] Municipality of                                                Case Number

      STATE OF ALABAMA
          V.                                          State of Alabama
                                                                   District Court
      RONNIE WARREN AND                             Of Geneva County
      DARCUS DENNARD
      Defendants


To Any Law Enforcement Officer Within The State of Alabama:

      Affidavit in support of application for a search warrant having been made before me, and the Court's finding that grounds for the issuance exist or that there is probable cause to believe that they exist, pursuant to Rule 3.8, Alabama Rules of Criminal Procedure, you are hereby ordered and authorized to forthwith search:

THE FOLLOWING PERSON OR PLACE:

The residence is located at 314 South Ripley Street Samson, Alabama. Directions to this residence is as follows: From the Samson Police Department travel State Highway 52 West to the intersection of State Highway 52 and South Ripley Street turn left (South) onto Ripley and travel approximately ½ mile to 314 South Ripley Street when traveling south this residence will be located on the right side of Ripley Street. This residence is a wood frame home with outbuilding and several cars located on the property. FOR THE FOLLOWING PROPERTY:

SEE "ATTACHMENT A"

and make return of this warrant and an inventory of all property seized there under before me within ten (10) days [not to exceed ten (10) days] as required by law.

( ] This warrant may only be executed

[ ] in the daytime between the hours of
    six A.M., and
    six P.M.

      I X I The Court finds probable cause to believe that a nighttime search is necessary, and this warrant may be executed at any time of the day or night.

ISSUED TO: INV. ANNIE HENDERSON, GENEVA COUNTY SHERIFF'S DEPARTMENT, GENEVA, ALABAMA 36340 at _12_ o'clock, _P_.M. this _11_ day of _D ec_____, 2007.

_____
Judge/Magistrate

I certify that I executed the foregoing Search Warrant as directed therein by searching the person or place therein described at _3:30_ o'clock _P_.M., _12-11_____, 2007 and:

I ] Did not find and seize any property located thereon.

**or:**

[X] Found and seized the following-described property and made return of same to the Court at _____ o'clock ____.M., _____, 2007:

SEE ATTACHED INVENTORY

[X] Copy of warrant and endorsed copy of inventory left in accordance with Rule 3.11(a), <u>Ala. Rules of Criminal Procedure.</u>

Date: _12-11-07_____

_____
Officer

Receipt

I acknowledge receipt of return of the foregoing Search Warrant and all items, if any, noted on the attached inventory, at the date and time as noted.

Date:_____        _____
                                     Judge/Magistrate

- 27 -

## ALABAMA UNIFORM INCIDENT/OFFENSE REPORT

| VICTIM SSN | COMPLAINANT SSN | ☐ 1 INCIDENT ☒ 2 OFFENSE ☐ 3 SUPPLEMENT | 2 CASE # D T F 0 7 7 1 5 3 | 3 SFX |
|---|---|---|---|---|

| ORI # 0 3 4 0 0 0 0 | 5 DATE AND TIME OF THIS REPORT 1 1 1 4 0 7  10:00 ☒AM ☐PM MIL | 6 AGENCY NAME GENEVA COUNTY DRUG TASK FORCE | 7 IF SUPPLEMENT ORIGINAL OFFENSE DATE M D Y |

| REPORTED BY ☐ VICTIM OR ANNIE HENDERSON | 9 ADDRESS (STREET, CITY, STATE, ZIP) PO BOX 115 GENEVA, AL 36340 | 10 PHONE ( 334 ) 684-8500 |
|---|---|---|

| 12 VICTIM (LAST, FIRST, MIDDLE NAME) STATE OF ALABAMA  1P 2B 3S | 13 ADDRESS (STREET, CITY, STATE, ZIP) SAME AS ABOVE | 14 PHONE ( ) |

| 15 EMPLOYER/SCHOOL | 16 OCCUPATION | 17 ADDRESS (STREET, CITY, STATE, ZIP) | 18 PHONE ( ) |

| ☐ RESIDENT ☐ NON-RESIDENT | 20 INJURY ☐ Y ☐ N | 21 RACE ☐ W ☐ A ☐ B ☐ U | 22 SEX ☐ MALE ☐ FEMALE | 23 HGT | 24 WGT | 25 DOB M D Y | 26 AGE | 27 WAS OFFENDER KNOWN TO VICTIM? ☐ Y ☐ N | 28 VICTIM WAS (EXPLAIN RELATIONSHIP) | 29 CODE |

| 30 TYPE INCIDENT OR OFFENSE ☐ FEL. ☐ MISD UDCS-CRACK | 31 DEGREE (CIRCLE) 1 2 3 | 32 UCR CODE 3 5 3 0 | 33 STATE CODE/LOCAL ORDINANCE 13A-12-212 |
|---|---|---|---|

| 34 TYPE INCIDENT OR OFFENSE ☐ FEL. ☐ MISD | | 1 2 3 | 36 UCR CODE | 37 STATE CODE/LOCAL ORDINANCE |

| 38 PLACE OFF OCCURRENCE 314 SOUTH RIPLEY ST SAMSON, AL | 39 SECTOR |
|---|---|

| 40 POINT OF ENTRY ☐ DOOR ☐ WINDOW ☐ ROOF ☐ OTHER | 41 METHOD OF ENTRY ☐ FORCIBLE ☐ NO FORCE ☐ ATT. FORCIBLE | 42 ASSAULT ☐ SIMPLE ☐ AGGR. | 43 TREATMENT FOR ASSAULT INJURY ☐ Y ☐ N |

| OCCURRED ON OR BETWEEN 1 1 3 0 7  45 TIME 08:00 ☒AM ☐PM MIL 46 ☐S ☐M ☐T ☐W ☐T ☐F ☐S | 47 LIGHTING 1-NATURAL 2-MOON 3-ART. EXT. 4-ART. INT. 5-UNK. | 48 WEATHER ☐ 1 - CLEAR ☐ 2 - CLOUDY ☐ 3 - RAIN ☐ 4 - FOG ☐ 5 - SNOW ☐ 6 - HAIL ☐ 7 - UNK. | 49 PREMISE ☐ A - HWY.-ST.-ALLEY ☐ B - RAILROAD ☐ C - RESIDENCE ☐ D - CHURCH ☐ E - SCHOOL ☐ F - CONVENIENCE ☐ G - INDUSTRIAL ☐ H - SERVICE STA. | ☐ I - BANK ☐ J - DRUG STORE ☐ K - RESI./TWN. HSE. ☐ L - SHOPPING CENTER ☐ M - PARKING LOT ☐ N - OTHER COMMER. ☐ O - OTHER | 50 CODE |
| 52 TIME 1 1 3 0 7  08:00 ☒AM ☐PM MIL 53 ☐S ☐M ☐T ☐W ☐T ☐F ☐S |

| 54 VERIFY FOR RAPE EXAM ☐Y ☐N | 55 TREAT. FOR RAPE INJURY ☐Y ☐N | 56 CIRCUMSTANCES HOMICIDE & ASSAULT LOCATION: RAPE | CODE |

| 58 WEAPON USED ☐ FIREARM ☐ KNIFE ☐ HANDS, FISTS, VOICE, ETC. ☐ OTHER DANGEROUS | 59 DESCRIPTION OF WEAPONS/FIREARMS/TOOLS USED IN OFFENSE (DESCRIBE | ☐ HANDGUN ☐ RIFLE ☐ SHOTGUN ☐ UNKNOWN |

| 60 QUANTITY | 61 STOLEN, RECOVERED, LOST, FOUND OR DESTROYED (INCLUDE MAKE,MODEL, SIZE, TYPE, SERIAL NUMBER, COLOR., ETC.) $100.00 WORTH CRACK COCAINE | 62 DOLLAR VALUE | | 63 RECOVERED | |
|---|---|---|---|---|---|
| | | STOLEN | DAMAGED | DATE | VALUE |

☐ CONTINUED IN NARRATIVE

| 64 MOTOR VEHICLE S R D C | 65 CURRENCY, NOTES S R D C | 66 JEWELRY S R D C | 67 CLOTHING/ FURS S R D C | 68 FIREARMS S R D C | 69 OFFICE EQUIPMENT S R D C |
|---|---|---|---|---|---|

| 70 ELECTRONICS S R D C | 71 HOUSEHOLD S R D C | 72 CONSUMABLE S R D C | 73 LIVESTOCK S R D C | 74 MISCELLANEOUS S R D C |
|---|---|---|---|---|

| 75 CHECK CATEGORIES ☐ STOLEN ☐ RECOVERED ☐ SUSPECTS VEH. ☐ VICTIMS VEH. ☐ UNAUTH.USE ☐ ABANDONED |
|---|

| 76 #STOLEN | 77 LIC. | 78 LIS. | 79 LIY. | 80 TAG COLOR | 81 VIN |
|---|---|---|---|---|---|
| 82 VYR. | 83 VMA | 84 VMO | 85 VST | 86 VCO. TOP: BOTTOM: | 87 ADDITIONAL DESCRIPTION |

| STOLEN MTR. VEH ONLY | 88 AREA STOLEN ☐ BUS. ☐ RES. ☐ RUR. | 89 OWNERSHIP VERIFIED BY: ☐ TAG RECEIPT ☐ BILL OF SALE ☐ TITLE ☐ OTHER | 90 WARRANT SIGNED YES ☐ NO ☐ # |

| 21 AUTO INSURER NAME (COMPANY) ADDRESS (STREET, CITY, STATE, ZIP) | 92 PHONE ( ) |

| MOTOR VEH.RECOVERY ONLY REQUIRED FOR 24X UCR CODE | 93 STOLEN IN YOUR JURISDICTION? YES ☐ NO ☐ WHERE? | 94 RECOVERED IN YOUR JURISDICTION? YES ☐ NO ☐ WHERE? |

TYPE OR PRINT IN BLACK INK

ACJIC—32 REV. 6-94

Exhibit "B"

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

| INCIDENT/OFFENSE REPORT CONTINUED | 95 DATE AND TIME OF REPORT | 1 1 1 4 0 7 | 10 : 00 | ☒ AM ☐ PM ☐ MIL | 96 CASE # D T F 0 7 7 1 5 3 | 97 SFX | 98 ☒ OFFENDER ☐ SUSPECT ☐ MISSING PERSON | ☐ CHECK IF MULTIPLE |

| 99 NAME (LAST, FIRST, MIDDLE) WARREN, RONNIE LEE | 100 NICKNAME/ALIAS BUCKEYE | 101 RACE ☐ W ☐ A ☒ B ☐ I | 102 SEX ☒ M ☐ F | 103 DOB 0 4 1 9 6 6 | 104 AGE |

| 105 ADDRESS (STREET, CITY, STATE ZIP) 314 SOUTH RIPLEY ST SAMSON, AL | 106 HGT 5'6 | 107 WGT 130 | 108 EYE BRO | 109 HAIR BLK | 110 COMPLEXION |

| 111 PROBABLE DESTINATION | 112 ARMED? ☐ Y ☐ N ☐ UNK | 113 WEAPON |

| 114 CLOTHING | ☐ SCARS ☐ MARKS ☐ TATTOOS | 115 ☐ ARRESTED ☐ WANTED |

| 116 NAME (LAST, FIRST, MIDDLE) | 117 NICKNAME/ALIAS | 118 RACE ☐ W ☐ A ☐ B ☐ I | 119 SEX ☐ M ☐ F | 120 DOB | 121 AGE |

| 122 ADDRESS (STREET, CITY, STATE, ZIP) | 123 HGT | 124 WGT | 125 EYE | 126 HAIR | 127 COMPLEXION |

| 128 PROBABLE DESTINATION | 129 ARMED? ☐ Y ☐ N ☐ UNK | 130 WEAPON |

| 131 CLOTHING | ☐ SCARS ☐ MARKS ☐ TATTOOS | 132 ☐ ARRESTED ☐ WANTED |

| | 133 NAME (LAST, FIRST, MIDDLE) SEX, RACE, DOB | | 134 ADDRESS (STREET, CITY, STATE, ZIP) | 135 RES. PHONE | 136 BUS. PHONE |
|---|---|---|---|---|---|
| W I T N E S S E S | #1 ANNIE HENDERSON | SEX ☐ M ☐ F RACE ☐ W ☐ A ☐ B ☐ I | | ( ) | ( ) |
| | #2 | SEX ☐ M ☐ F RACE ☐ W ☐ A ☐ B ☐ I | | ( ) | ( ) |
| | #3 | SEX ☐ M ☐ F RACE ☐ W ☐ A ☐ B ☐ I | | ( ) | ( ) |
| | #4 | SEX ☐ M ☐ F RACE ☐ W ☐ A ☐ B ☐ I | | ( ) | ( ) |

| WITNESS # 1 SSN | WITNESS # 2 SSN | WITNESS # 3 SSN | WITNESS # 4 SSN |
| - - | - - | - - | - - |

N A R R A T I V E

ON 11-13-07 I, INV. ANNIE HENDERSON, USED A CONFIDENTIAL RELIABLE INFORMANT TO PURCHASE $100.00 WORTH OF CRACK COCAINE FROM RONNIE LEE WARREN AKA "BUCKEYE"

| CONTINUED ON SUPPLEMENT   Y ☐   N ☐ | ASSISTING AGENCY ORI | ASSISTING AGENCY CASE # | SFX |

I hereby affirm that I have read this report and that all information given by me is correct to the best of my knowledge. I will assume full responsibility for notifying the agency if any stolen property or missing person hereby reported is returned

SIGNATURE _____

138 LOCAL USE

139 STATE USE

| MULTIPLE CASES CLOSED | 140 CASE # | 141 SFX | 142 CASE # | 143 SFX | 144 CASE # | 145 SFX | 146 ADDITIONAL CASES CLOSED NARRATIVE ☐ Y ☐ N |

| ADMIN | 147 CASE STATUS ☐ 1 - PENDING ☐ 2 - INACTIVE ☐ 3 - CLOSED | 148 CASE DISPOSITION ☐ 1 - CLEARED BY ARREST (JUV) ☐ 2 - CLEARED BY ARREST (ADULT) ☐ 3 - UNFOUNDED ☐ 5 - ADMINISTRATIVELY CLEARED | ☐ 4 - EXCEPTIONAL CLEARANCE ☐ A - SUSPECT/OFFENDER DEAD ☐ B - OTHER PROSECUTION ☐ C - EXTRADITION DENIED ☐ D - LACK OF PROSECUTION ☐ E - JUVENILE, NO REFERRAL ☐ F - DEATH OF VICTIM | 149 REPORTING OFFICER ANNIE HENDERSON                3414 ID # 150 ASSISTING OFFICER                          ID # |
| | ENTERED ☐ Y ACIC/NCIC ☐ N DATE | | | 151 SUPERVISOR APPROVAL    ID #    142 WATCH CMDR    ID # |

- 11 -

# DEPOSITION

NAME: _RONNIE LEE WARREN_____

CHARGE: _UDCS-CRACK_____

DATE OF INCIDENT: _11-13-07_____

ADDRESS OF OCCURRENCE: _____

PERSONALLY APPEARED BEFORE ME, _INV. ANNIE HENDERSON_____ BEING
FIRST DULY SWORN, DEPOSED, AND SAYS:

_ON 11-13-07 I, INV, ANNIE HENDERSON, USED A CONFIDENTIAL RELIABLE INFORMANT TO_

_PURCHASE $100.00 WORTH OF CRACK COCAINE FROM RONNIE LEE WARREN A.K.A_

_"BUCKEYE"._

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

AFFIANT

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE _____DAY OF
_____, 20____.

_____

MAGISTRATE



ALABAMA
# DEPARTMENT OF FORENSIC SCIENCES

207 NORTH CHERRY STREET
DOTHAN, ALABAMA 36303
(334) 793-0615
FACSIMILE (334) 677-6322

## EVIDENCE RECEIPT

**CASE NUMBER:** 08DH00864    **ID:** 1    **TYPE:** Controlled Substances    **REFERENCES:**                **LAB:** DH

**AGENCY NUMBER:** DTF077153        **ORI NUMBER:** AL034TASK **DATE:** 2/11/08        **TIME:** 2:17 pm

| CASE NAMES | TYPE | RACE | SEX | DOB | AGE | STATUS |
|---|---|---|---|---|---|---|
| Ronnie Lee Warren | S | B | M | 4/19/1966 | 41 | |

| CHAIN OF CUSTODY | DATE | TIME |
|---|---|---|
| Secured at Dothan Satellite Laboratory  Evidence Intake Area | 2/11/08 | 2:17 pm |

**DESCRIPTION OF EVIDENCE:**                        **SERVICE REQUESTED:**

1  One plastic evidence bag identified to contain drug evidence        DRUG CHEMISTRY

*ALL ITEMS LISTED ABOVE ARE AS DESCRIBED BY THE SUBMITTING AGENCY AND ARE SUBJECT TO VERIFICATION UPON INSPECTION BY THE ANALYST*

**REPORT TO:**                **SUBMITTED BY:**

Annie Henderson
Geneva County Drug Task Force
P.O. Box 115
Geneva, AL 36430

Annie Henderson

**11-13-07** RONNIE WARREN NARCOTICS PURCHASE

**9:50AM** SEARCH CI AND VEHICLE

**9:52AM** GIVE CI MONEY AND RECORDER

**9:53AM** LEAVE MEET

**9:57AM** CI AT BUCKEYES

**10:04AM** HEADED BACK TO MEET

I ██████████ went to Buckeye and purchased 100 dallors worth of Crack parked up on the side of the house walked up to the back door and another black man came up to me I asked for Buck he said he was in the shower so he walked to the shower window and to him I was out there he came to the door I gave him a hundred dallors he gave me 5 peices then I left.



11-13-07
10:15

## ALABAMA UNIFORM INCIDENT/OFFENSE REPORT

| VICTIM SSN - - | COMPLAINANT SSN - - | ☐ 1 INCIDENT ☐ 3 SUPPLEMENT | ☒ 2 OFFENSE | 2 CASE # D T F 0 7 1 5 9 | 3 SFX |
|---|---|---|---|---|---|

| 4 ORI 0 3 4 0 0 0 0 | 5 DATE AND TIME OF THIS REPORT 1 2 0 5 0 7 11:00 ☒ AM ☐ PM ☐ MIL | 6 AGENCY NAME GENEVA COUNTY DRUG TASK FORCE | 7 IF SUPPLEMENT ORIGINAL OFFENSE DATE D Y |

| 8 REPORTED BY INV. ANNIE HENDERSON | ☐ VICTIM OR | 9 ADDRESS ( STREET, CITY, STATE, ZIP) PO BOX 115 GENEVA, AL 36340 | 10 PHONE ( 334 ) 684-8500 |

| 11 M U L T I V I C T I M ☐ ☐ | 12 VICTIM (LAST, FIRST, MIDDLE NAME) 1P☐ 2B☐ 3S☐ STATE OF ALABAMA | 13 ADDRESS ( STREET, CITY, STATE, ZIP) SAME AS ABOVE | 14 PHONE ( ) |

| 15 EMPLOYER/SCHOOL | 16 OCCUPATION | 17 ADDRESS (STREET, CITY, STATE, ZIP) | 18 PHONE ( ) |

| ☐ RESIDENT ☐ NON-RESIDENT | 20 INJURY ☐ Y ☐ N | 21 RACE ☐ W ☐ O ☐ A ☐ B ☐ I | 22 SEX ☐ MALE ☐ FEMALE | 23 HGT | 24 WGT | 25 DOB M D Y | 26 AGE | 27 WAS OFFENDER KNOWN TO VICTIM ? ☐ Y ☐ N | 28 VICTIM WAS (EXPLAIN RELATIONSHIP) | 29 CODE |

| 30 TYPE INCIDENT OR OFFENSE ☐ FEL. ☐ MISD UDCS-CRACK | 31 DEGREE (CIRCLE) 1  2  3 | 32 UCR CODE 3 5 3 0 | 33 STATE CODE/LOCAL ORDINANCE 13A-12-212 |

| 34 TYPE INCIDENT OR OFFENSE ☐ FEL. ☐ MISD | 35 DEGREE (CIRCLE) 1  2  3 | 36 UCR CODE | 37 STATE CODE/LOCAL ORDINANCE |

| 38 PLACE OFF OCCURRENCE 314 SOUTH RIPLEY ST SAMSON, AL | 39 SECTOR |

| E V E N T | 40 POINT ☐ DOOR OF ENTRY ☐ WINDOW ☐ ROOF ☐ OTHER | 41 METHOD ☐ FORCIBLE OF ENTRY ☐ NO FORCE | ☐ ATT. FORCIBLE | 42 ASSAULT ☐ SIMPLE ☐ AGGR. | 43 TREATMENT FOR ☐ Y ASSAULT INJURY ☐ N |

| OCCURRED ON OR BETWEEN 1 2 0 5 0 7 | 45 TIME 10:00 ☒ AM ☐ PM ☐ MIL | 46 S M T W T F S | 47 LIGHTING ☒ 1- NATURAL 2- MOON 3- ART. EXT. 4- ART. INT. 5- UNK. | 48 WEATHER ☒ 1 - CLEAR 2 - CLOUDY 3 - RAIN 4 - FOG 5 - SNOW 6 - HAIL 7 - UNK. | 49 PREMISE A - HWY.-ST.-ALLEY B - RAILROAD ☒ C - RESIDENCE D - CHURCH E - SCHOOL F - CONVENIENCE G - INDUSTRIAL H - SERVICE STA. | I- BANK J - DRUG STORE L - SHOPPING CENTER/MALL M - OTHER COMMER. O - OTHER |

| 52 TIME 1 2 0 5 0 7 11:00 ☐ AM ☐ PM ☐ MIL | 53 S M T W T F S | 54 VERIFY FOR ☐ Y RAPE EXAM ☐ N | 55 TREAT. FOR RAPE INJURY ☐ Y ☐ N | 56 CIRCUMSTANCES HOMICIDE & ASSAULT CODE LOCATION: RAPE |

| 58 WEAPON USED ☐ FIREARM ☐ KNIFE ☐ HANDS, FISTS, VOICE, ETC. ☐ OTHER DANGEROUS | 59 DESCRIPTION OF WEAPONS/FIREARMS/TOOLS USED IN OFFENSE: DESCRIBE ☐ HANDGUN ☐ RIFLE ☐ SHOTGUN ☐ UNKNOWN |

| D E S C R I P T I O N   P R O P E R T Y   V A L U E | 60 QUANTITY | 61 STOLEN, RECOVERED, LOST, FOUND OR DESTROYED (INCLUDE MAKE,MODEL, SIZE, TYPE, SERIAL NUMBER, COLOR., ETC.) | 62 DOLLAR VALUE STOLEN DAMAGED | 63 RECOVERED DATE VALUE |
|---|---|---|---|---|
| | | $100.00 WORTH CRACK COCAINE | | |
| | | ☐ CONTINUED IN NARRATIVE | | |

| 64 MOTOR VEHICLE S R D C | 65 CURRENCY, NOTES S R D C | 66 JEWELRY S R D C | 67 CLOTHING/ FURS S R D C | 68 FIREARMS S R D C | 69 OFFICE EQUIPMENT S R D C |

| 70 ELECTRONICS S R D C | 71 HOUSEHOLD S R D C | 72 CONSUMABLE S R D C | 73 LIVESTOCK S R D C | 74 MISCELLANEOUS S R D C |

| V E H I C L E S | 75 CHECK CATEGORIES ☐ STOLEN ☐ RECOVERED ☐ SUSPECTS VEH. ☐ VICTIMS VEH. ☐ UNAUTH.USE ☐ ABANDONED |
|---|---|
| | 76 #STOLEN | 77 LIC. | 78 LIS. | 79 LIY. | 80 TAG COLOR | 81 VIN |
| | 02 VYR | 83 VMA | 84 VMO | 35 VST | 86 VCO. | TOP: BOTTOM: | 87 ADDITIONAL DESCRIPTION |
| | STOLEN MTR. VEH ONLY | 88 AREA STOLEN ☐ BUS. ☐ RES. ☐ RUR. | 89 OWNERSHIP VERIFIED BY: | ☐ TAG RECEIPT ☐ BILL OF SALE ☐ TITLE ☐ OTHER | 90 WARRANT SIGNED YES ☐ NO ☐ # |
| | 21 AUTO INSURER NAME (COMPANY) ADDRESS (STREET, CITY, STATE, ZIP) | 92 PHONE ( ) |
| | MOTOR VEH.RECOVERY ONLY(REQUIRED FOR24XX UCR CODE | 93 STOLEN IN YOUR JURISDICTION? YES ☐ NO ☐ WHERE? | 94 RECOVERED IN YOUR JURISDICTION? YES ☐ NO ☐ WHERE? |

TYPE OR PRINT - BLACK INK

Exhibit "C"

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

| INCIDENT/OFFENSE REPORT CONTINUED | 95 DATE AND TIME OF REPORT | 96 CASE # | 97 SFX | 98 |
|---|---|---|---|---|
| | 12 05 07  11:00  ☒AM ☐PM ☐MIL | DTF077159 | | ☒OFFENDER ☐SUSPECT ☐MISSING PERSON  ☐CHECK IF MULTIPLE |

**99 NAME (LAST, FIRST, MIDDLE):** WARREN, RONNIE LEE
**100 NICKNAME/ALIAS:** BUCKEYE
**101 RACE:** ☒B
**102 SEX:** ☒M
**103 DOB:** 04 19 66
**104 AGE:**

**105 ADDRESS:** 314 SOUTH RIPLEY ST SAMSON, AL
**106 HGT:** 5'6  **107 WGT:** 130  **108 EYE:** BRO  **109 HAIR:** BLK  **110 COMPLEXION:**

**111 PROBABLE DESTINATION:**
**112 ARMED?** ☐Y ☐N ☐UNK  **113 WEAPON:**
**114 CLOTHING:** ☐SCARS ☐MARKS ☐TATTOOS  **115** ☐ARRESTED ☐WANTED

**133 NAME:** #1 ANNIE HENDERSON

**NARRATIVE:**
ON 12-5-07 I, INV. ANNIE HENDERSON, USED A CONFIDENTIAL RELIABLE INFORMANT TO PURCHASE $100.00 WORTH OF CRACK COCAINE FROM RONNIE LEE WARREN AT WARREN'S RESIDENCE.

I hereby affirm that I have read this report and that all information given by me is correct to the best of my knowledge. I will assume full responsibility for notifying the agency if any stolen property or missing person hereby reported is returned

SIGNATURE _____

**149 REPORTING OFFICER:** ANNIE HENDERSON  **ID #** 3414

- 15 -



ALABAMA

# DEPARTMENT OF FORENSIC SCIENCES

207 NORTH CHERRY STREET
DOTHAN, ALABAMA 36303
(334) 793-0615
FACSIMILE (334) 677-6322

### EVIDENCE RECEIPT

**CASE NUMBER:** 08DH00862    **ID:** 1    **TYPE:** Controlled Substances    **REFERENCES:**    **LAB:** DH

**AGENCY NUMBER:** DTF077159    **ORI NUMBER:** AL034TASK **DATE:** 2/11/08    **TIME:** 2:14 pm

| CASE NAMES | TYPE | RACE | SEX | DOB | AGE | STATUS |
|---|---|---|---|---|---|---|
| Ronnie Lee Warren | S | B | M | 4/19/1966 | 41 | |

| CHAIN OF CUSTODY | DATE | TIME |
|---|---|---|
| Secured at Dothan Satellite Laboratory  Evidence Intake Area | 2/11/08 | 2:14 pm. |

**DESCRIPTION OF EVIDENCE:**         **SERVICE REQUESTED:**

1  One plastic evidence bag identified to contain drug evidence         DRUG CHEMISTRY

*ALL ITEMS LISTED ABOVE ARE AS DESCRIBED BY THE SUBMITTING AGENCY AND ARE SUBJECT TO VERIFICATION UPON INSPECTION BY THE ANALYST*

**REPORT TO:**         **SUBMITTED BY:**

Annie Henderson
Geneva County Drug Task Force
P.O. Box 115
Geneva, AL 36430

_____

Annie Henderson

# DEPOSITION

NAME:   RONNIE LEE WARREN

CHARGE:   UDCS-CRACK

DATE OF INCIDENT:   12-5-07

ADDRESS OF OCCURRENCE:   314 SOUTH RIPLEY ST SAMSON, AL

PERSONALLY APPEARED BEFORE ME,  INV. ANNIE HENDERSON     BEING FIRST DULY SWORN, DEPOSED, AND SAYS:

ON 12-5-07 I, INV. ANNIE HENDERSON, USED A CONFIDENTIAL RELIABLE INFORMANT TO

PURCHASE $100.00 WORTH OF CRACK COCAINE FROM RONNIE LEE WARREN AT WARREN'S

RESIDENCE.

AFFIANT

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE _____ DAY OF _____, 20___.

MAGISTRATE

**12-5-07**   RONNIE WARREN NARCOTICS PURCHASE

**9:50AM** SEARCH CI AND VEHICLE

**9:52AM** GIVE CI MONEY AND RECORDER LEAVE MEET HEADED TO BUCKEYES

**10:01AM** ON WAY BACK TO MEET

**10:05AM** BACK AT MEET REC, EVIDENCE FROM CI

I ██████████ went to Buckeye's to
Buy 100 dollars of crack pulled in the driveway
got out he came to the front door ask how
much I replied a hundred told me to go to
the Back door he came to the door with
the dope in a baggie talked a minute
then left

██████████████████

12/5/07
10:10 Am

- 19 -

## ALABAMA UNIFORM INCIDENT/OFFENSE REPORT

| | 1 ☐ INCIDENT  ☒ 2 OFFENSE | 2 CASE # | 3 SFX |
|---|---|---|---|
| VICTIM SSN    COMPLAINANT SSN | ☐ 3 SUPPLEMENT | D T F 0 7 7 1 6 3 | |

| 4 ORI # | 5 DATE AND TIME OF THIS REPORT | 6 AGENCY NAME | 7 IF SUPPLEMENT ORIGINAL OFFENSE DATE |
|---|---|---|---|
| 0 3 4 0 0 0 0 | 1 2 1 2 0 7  09:00 ☒AM ☐PM ☐MIL | GENEVA COUNTY DRUG TASK FORCE | D Y |

| 8 REPORTED BY  ☐ VICTIM OR | 9 ADDRESS ( STREET, CITY, STATE, ZIP) | 10 PHONE |
|---|---|---|
| ANNIE HENDERSON | PO BOX 115 GENEVA, AL 36340 | ( 334 ) 684-8500 |

| 12 VICTIM (LAST, FIRST, MIDDLE NAME) ☐1P ☒2E ☐3S | 13 ADDRESS ( STREET, CITY, STATE, ZIP) | 14 PHONE |
|---|---|---|
| STATE OF ALABAMA | SAME AS ABOVE | ( ) |

| 15 EMPLOYER/SCHOOL | 16 OCCUPATION | 17 ADDRESS (STREET, CITY, STATE, ZIP) | 16 PHONE ( ) |
|---|---|---|---|

| 18 ☐ RESIDENT ☐ NON-RESIDENT | 20 INJURY ☐Y ☐N | 21 RACE ☐W ☐A ☐B ☐I | 22 SEX ☐MALE ☐FEMALE | 23 HGT | 24 WGT | 25 DOB M D Y | 26 AGE | 27 WAS OFFENDER KNOWN TO VICTIM ? ☐Y ☐N | 28 VICTIM WAS (EXPLAIN RELATIONSHIP) | 29 CODE |
|---|---|---|---|---|---|---|---|---|---|---|

| 30 TYPE INCIDENT OR OFFENSE    ☒ FEL.    ☐ MISD | 31 DEGREE (CIRCLE) 1 2 3 | 32 UCR CODE 3 5 3 0 | 33 STATE CODE/LOCAL ORDINANCE |
|---|---|---|---|
| UDCS-CRACK | | | 13A-12-211 |

| 34 TYPE INCIDENT OR OFFENSE    ☐ FEL.    ☐ MISD | 1 2 3 | 36 UCR CODE | 37 STATE CODE/LOCAL ORDINANCE |
|---|---|---|---|

| 38 PLACE OFF OCCURRENCE | | | 39 SECTOR |
|---|---|---|---|
| 314 S RIPLEY ST SAMSON, AL | | | |

| 40 POINT OF ENTRY ☐ DOOR ☐ WINDOW | ☐ ROOF ☐ OTHER | 41 METHOD OF ENTRY ☐ FORCIBLE ☐ NO FORCE | ☐ ATT. FORCIBLE | 42 ASSAULT ☐ SIMPLE ☐ AGGR. | 43 TREATMENT FOR ASSAULT INJURY ☐Y ☐N |
|---|---|---|---|---|---|

| E V E N T | OCCURRED ON OR BETWEEN 1 2 1 D 0 7 Y | 45 TIME 09:00 ☒AM ☐PM ☐MIL | 46 | | | 47 LIGHTING 1- NATURAL 2- MOON 3- ART. EXT. 4- ART. INT. 5- UNK. | 48 WEATHER 1 - CLEAR 2 - CLOUDY 3 - RAIN 4 - FOG 5 - SNOW 6 - HAIL 7 - UNK. | 49 PREMISE A- HWY., ST., ALLEY B- RAILROAD ☒ C- RESIDENCE D- CHURCH E- SCHOOL F- CONVENIENCE G- INDUSTRIAL H- SERVICE STA. | I- BANK J- DRUG STORE K- HOME/TWN. HSE. L- SHOPPING CENTER/PARKING M- OTHER COMMER. O- OTHER | 50 CODE |
|---|---|---|---|---|---|---|---|---|---|---|
| | 1 2 M 1 D 0 7 Y | 52 TIME 11:00 ☐AM ☐PM ☐MIL | 53 | | | | | | | |

| 54 VERIFY FOR RAPE EXAM ☐Y ☐N | 55 TREAT. FOR RAPE INJURY ☐Y ☐N | 56 CIRCUMSTANCES HOMICIDE & ASSAULT     CODE LOCATION: RAPE | 57 WEAPON USED ☐FIREARM ☐KNIFE | ☐ HANDS, FISTS, VOICE, ETC. ☐ OTHER DANGEROUS | 58 DESCRIPTION OF WEAPONS/FIREARMS/TOOLS USED IN OFFENSE | STA: ☐ HANDGUN ☐ RIFLE ☐ SHOTGUN ☐ UNKNOWN |
|---|---|---|---|---|---|---|

### DESCRIPTION PROPERTY VALUE / VEHICLES

| 60 QUANTITY | 61 STOLEN, RECOVERED, LOST, FOUND OR DESTROYED (INCLUDE MAKE, MODEL, SIZE TYPE, SERIAL NUMBER, COLOR, ETC.) | 62 DOLLAR VALUE | | 63 RECOVERED | |
|---|---|---|---|---|---|
| | | STOLEN | DAMAGED | DATE | VALUE |
| | $100.00 WORTH CRACK COCAINE | | | | |

☐ CONTINUED IN NARRATIVE

| 64 MOTOR VEHICLE | 65 CURRENCY, NOTES | 66 JEWELRY | 67 CLOTHING/ FURS | 68 FIREARMS | 69 OFFICE EQUIPMENT |
|---|---|---|---|---|---|
| S R D C | S R D C | S R D C | S R D C | S R D C | S R D C |

| 70 ELECTRONICS | 71 HOUSEHOLD | 72 CONSUMABLE | 73 LIVESTOCK | 74 MISCELLANEOUS |
|---|---|---|---|---|
| S R D C | S R D C | S R D C | S R D C | S R D C |

| 75 CHECK CATEGORIES ☐ STOLEN ☐ RECOVERED ☐ SUSPECTS VEH. ☐ VICTIMS VEH. ☐ UNAUTH. USE ☐ ABANDONED |
|---|

| 76 #STOLEN | 77 LIS | 78 LIS | 79 LIY | 80 TAG COLOR | 81 VIN |
|---|---|---|---|---|---|

| 82 VYR | 83 VMA | 84 VMO | 85 VST | 86 VEO TOP BOTTOM | 87 ADDITIONAL DESCRIPTION |
|---|---|---|---|---|---|

| STOLEN MTR. VEH ONLY | 88 AREA STOLEN ☐ BUS. ☐ RES. ☐ RUR. | 89 OWNERSHIP VERIFIED BY | ☐ TAG RECEIPT ☐ BILL OF SALE ☐ TITLE ☐ OTHER | 90 WARRANT SIGNED YES ☐ NO ☐  # |
|---|---|---|---|---|

| 21 AUTO INSURER NAME (COMPANY)  ADDRESS (STREET, CITY, STATE, ZIP) | 92 PHONE ( ) |
|---|---|

| MOTOR VEH. RECOVERY ONLY REQUIRED FOR 24XX UCR CODE | 93 STOLEN IN YOUR JURISDICTION? YES ☐ NO ☐ WHERE? | 94 RECOVERED IN YOUR JURISDICTION? NO ☐ WHERE? YES ☐ |
|---|---|---|

TYPE OR PRINT IN BLACK INK                ACJIC—32 REV. 8-9

-20-

Exhibit "D"

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

| INCIDENT/OFFENSE REPORT CONTINUED | 95 DATE AND TIME OF REPORT 12 11 2017 09:00 AM | 96 CASE # DTF077163 | 97 SFX | 98 ☐ OFFENDER ☐ SUSPECT ☐ MISSING PERSON | ☐ CHECK IF MULTIPLE |
|---|---|---|---|---|---|

99 NAME (LAST, FIRST, MIDDLE): WARREN, RONNIE LEE
100 NICKNAME/ALIAS: BUCKEYE
101 RACE: W
102 SEX: M
103 DOB: 04 19 96
104 AGE:

105 ADDRESS: 314 S RIPLEY ST SAMSON, AL
106 HGT: 5'6
107 WGT: 130
108 EYE: BRO
109 HAIR: BLK
110 COMPLEXION:

133 NAME: ANNIE HENDERSON — GENEVA COUNTY DRUG TASK FORCE — 334-684-8500
CI

NARRATIVE:
ON 12-11-07 1, INV. ANNIE HENDERSON, USED A CONFIDENTIAL RELIABLE INFORMANT TO PURCHASE $100.00 WORTH OF CRACK COCAINE FROM RONNIE LEE WARREN. THIS PURCHASE TOOK PLACE AT 314 SOUTH RIPLEY STREET THE RESIDENCE OF RONNIE LEE WARREN.

149 REPORTING OFFICER: ANNIE HENDERSON  ID# 3414

- 21 -

## 12-11-07 RONNIE LEE WARREN CRACK PURCHASE

9:50AM MET WITH CI AT SAMSON NATIONAL GUARD ARMORY

10:00AM SEARCH CI AND VEHICLE

10:17AM GAVE CI MONEY($100.00) AND DIGITAL RECORDER

10:23AM CI AT BUCKEYE'S HOME

10:28AM HEADED BACK TO MEET

10:31AM BACK AT MEET (RECEIVE EVIDENCE)